IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>WOODMAN PHARMACY, INC.,<br><br>Defendant. | Civil Case No. 3:19-cv-163<br><br>District Judge Thomas M. Rose<br><br>Magistrate Judge Shanon L. Ovington |

## CONSENT JUDGMENT AND ORDER

This case concerns an action filed in this Court by Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary"), against Defendant Woodman Pharmacy, Inc. ("Defendant"), pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 *et seq.* (the "Act"). The parties agree to resolve all matters in controversy in this action and consent to entry of a Consent Judgment and Order by this Court in accordance herewith:

    A.    The Secretary's Complaint alleges that Defendant Woodman Pharmacy, Inc. terminated the employment of Rachel Snyder because of her exercise of rights secured by the Act, and Defendant thereby violated of Section 11(c) of the Act, 29 U.S.C. § 660(c)(1).

    B.    Defendants filed an Answer responding to the allegations brought by the Secretary, in which they denied that they violated the law or retaliated against Ms. Snyder.

    C.    Defendant hereby admits to the jurisdiction of the Court over it and over the subject matter of this action. Defendant admits that this Court has authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action related to this Order that may be required.

D.  Defendant hereby expressly waives any and all claims of whatsoever nature that it has or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E.  This Order represents a complete settlement of all the Secretary's claims asserted in this action against the Defendant, as well as any claims the Secretary could have asserted against the Defendant in this action with respect to the facts alleged in the Secretary's Complaint. This Order is not binding on any government agency or claimant other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and the Defendant.

F.  The Secretary and Defendant expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.  The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2.  Defendant shall make payment to Ms. Snyder in the total amount of Thirty-Six Thousand Eight Hundred Sixteen Dollars ($36,816) in back wages, minus mandatory payroll deductions required by law, as follows:

    a.  Within fourteen (14) calendar days of signing of this Consent Judgment and Order, Defendant shall make payment to Ms. Snyder in the amount of Twenty-Four Thousand Eight Hundred Sixteen Dollars ($24,816), minus mandatory payroll deductions required by law;

    b.    Defendant shall make three additional payments to Ms. Snyder in the amount of Four Thousand Dollars ($4,000) each, minus mandatory payroll deductions required by law, on or before the following dates: June 30, 2020; August 31, 2020; and October 30, 2020;

    c.    Defendant shall make these payments by certified checks payable to "Rachel Snyder" and mail those checks to Ms. Snyder at the address provided to Defendant by the Secretary. Copies of the checks shall also be sent to the United States Department of Labor, Office of the Solicitor, 1240 E. 9th Street, Suite 881, Cleveland, OH 44199, Attn: Joseph M. Berndt; and

    d.    Defendant shall issue a 2020 Form W-2 to Ms. Snyder for the payments described herein and mail it to Ms. Snyder at the address provided to Defendant by the Secretary.

3.    If Defendant fails to make any of the payments referenced in Paragraph 2 above within the timeframes set forth therein, the total amount of Thirty-Six Thousand Eight Hundred Sixteen Dollars ($36,816) shall be immediately due and owing, and shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. Defendant also understands and agrees that the Secretary will pursue any additional enforcement of this Order he deems necessary including any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

4.	Defendant shall immediately remove and expunge Ms. Snyder's personnel record and all company records of all references to any disciplinary actions related to the filing of the discrimination complaint in this action, including references to termination for alleged insubordination.

5.	If, in the future, any prospective employer of Ms. Snyder contacts Defendant regarding a job reference, Defendant shall provide no less than a neutral job reference.  Defendant shall provide the starting and ending dates of Ms. Snyder's employment, her last job title, and/or her rate of pay, as requested by the person or entity seeking the job reference.  Unless expressly authorized by Ms. Snyder, Defendant shall not provide any further information to a prospective employer of Ms. Snyder, including but not limited to information relating to Ms. Snyder's reputation, character, or employment of Ms. Snyder.

6.	Within seven (7) calendar days of signing this Consent Judgment and Order, Defendant shall sign and post the "Notice to Employees" attached hereto as "Exhibit A" at its pharmacy located at 1010 Woodman Drive, Dayton, Ohio 45432, where notices to employees are customarily posted, and shall maintain this posting for a period of sixty (60) days.

7.	Defendant and its agents, servants, employees, and all person in active concert or participation with them are hereby enjoined and restrained from failing to comply with the terms of Paragraphs 2 through 6 of this Consent Judgment and Order.

8.	Defendant and its agents understand and agree they are required by law to comply with the provisions of Section 11(c)(1) of the Act and are hereby enjoined and restrained from violating the provisions of Section 11(c)(1) of the Act by discriminating against, interfering with, restraining, or coercing any employee because such employee has filed any complaint or has instituted or caused to be instituted any proceeding under the jurisdiction of the Occupational Safety

and Health Administration, or has testified or is about to testify in any such proceedings or because of the exercise of such employee on behalf of himself or other of any right affected by the Act.

9. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

**FURTHER**, this Court shall retain jurisdiction of this matter to enforce the terms of this final judgment pursuant to Federal Rule of Civil Procedure 54.

Dated this 10th day of June 2020.

The Honorable Thomas M. Rose
U. S. District Court Judge

For the Defendant:

Date: 5/30/20
WOODMAN PHARMACY, INC.
By: Suresh Gupta
Owner
1010 Woodman Drive
Dayton, Ohio 45432

Date: 6/2/20
MATTHEW D. DICICCO (0072889)
ADAM C. ARMSTRONG (0079178)
Bruns Connell Vollmar & Armstrong
40 N. Main Street, Suite 2010
Dayton, OH 45423
Phone: (937) 999-6312
Fax: (937) 999-6290
aarmstrong@bcvalaw.com
mdicicco@bcvalaw.com

For the Plaintiff:

Date: 6/3/20
JOSEPH M. BERNDT
Trial Attorney
US Department of Labor
1240 East 9th Street, Rm. 881
Cleveland, Ohio 44199
(216) 522-3875 (direct)
(216) 522-7172 (facsimile)
email: berndt.joseph.m@dol.gov

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

5

# Exhibit A

# NOTICE TO EMPLOYEES




**PURSUANT TO A SETTLEMENT AGREEMENT
APPROVED BY U.S. DEPARTMENT OF LABOR,
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION**

The employer agrees that it will not discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Occupational Safety and Health Act (OSH Act) or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this Act.

The employer agrees that it will not advise employees against exercising rights guaranteed under the OSH Act, such as contacting, speaking with, or cooperating with occupational safety and health administration (OSHA) officials either during the conduct of an occupational safety and health inspection of the employer's facilities or in the course of an investigation.

The employer agrees that it will not intimidate employees by suggesting or threatening that if; an employee has contact with, has a conversation with, or cooperates with OSHA officials it might result in closure of the employer's facilities, in loss of employment for the employees, or in civil legal action being taken against the employees.

_____
Respondent or Designated Individual

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. THIS NOTICE MUST REMAIN POSTED FOR NO LESS THAN 60 CONSECUTIVE DAYS FROM THE DATE OF POSTING AND MUST BE NOT ALTERED, DEFACED, OR COVERED BY OTHER MATERIAL.**